IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BOOKER T. JOHNSON,            *
                              *
        Plaintiff,            *
                              *
vs.                           *    CIVIL ACTION NO. 13-00624-WS-B
                              *
JO BETH MURPHREE, *et al*.,   *
                              *
        Defendants.           *

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, and *in forma pauperis*, filed the instant case alleging violations under 42 U.S.C. § 1983 (Docs. 1, 6). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Upon careful review, it is recommended that this action be **DISMISSED** with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because Plaintiff's claims are frivolous.

I.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff is proceeding *in forma pauperis*, the Court is screening his superseding Amended Complaint (Doc. 60) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id., 490 U.S. at

327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

2

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662). A plaintiff's factual allegations are treated as true, but conclusory assertions and a recitation of a cause of action's elements are not. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## II. Analysis

### A. Claims Against Defendants Jo Beth Murphee and John Tyson

In Johnson's original complaint and Court-ordered amended complaint (Docs. 1, 6), he contests his murder conviction on September 23, 2010. According to Johnson, a trespasser armed with a gun came on his property and fired the gun at him, and Johnson returned fire in self-defense. Johnson contends that a Mobile County grand jury refused to indict him, but Defendant Jo Beth Murphee ("hereinafter Murphee") in her role as an assistant district attorney, presented

3

a false and forged indictment to the jury, and during the trial alleged without any proof, that Johnson was a drug dealer who had paid his attorney a lot of money to defend him. Johnson contends that he is not a drug dealer, and that he has worked hard his entire life. Johnson asserts that Defendants exercised bad faith in prosecuting him, that Murphee maliciously prosecuted him, and defamed his good name, and that Defendant John Tyson (hereinafter "Tyson"), in his role as district attorney, maliciously prosecuted him. Johnson requests relief from the judgment of conviction, one million in compensatory damages, and one million in punitive damages.

In Imbler v. Pachtman, the Supreme Court explained that the common law gives absolute immunity in § 1983 actions for activities that are "'intimately associated with the judicial phase of the criminal process.'" 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d. 128 (1976); Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855, 860, 172 L. Ed. 2d 706 (2009) (quoting Imbler, 424 U.S. at 430); accord Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Thus, prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and presenting the state's case qualifies for prosecutorial immunity. Imbler, 424 U.S. at 431. Prosecutors are also immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing. Burns v. Reed, 500 U.S. 478, 490-92,

4

111 S. Ct. 1934, 1942, 114 L. Ed. 2d 547 (1991); Kalina v. Fletcher, 522 U.S. 118, 126, 118 S. Ct. 502, 507-08, 139 L. Ed. 2d 471 (1997); see also Van de Kamp, 555 U.S. at 343. Prosecutors are also immune from damages claims alleging failure to institute a system of information-sharing among deputy district attorneys regarding confidential jailhouse informants. Van de Kamp, 555 U.S. at 346 ("The management tasks at issue, insofar as they are relevant, concern how and when to make impeachment information available at trial. They are thereby directly connected with the prosecutor's basic trial advocacy duties.").

Applying these principles, the Eleventh Circuit has observed that "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." Jones, 174 F.3d at 1281. Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Id. (quotation marks omitted); accord Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002). "Although absolutely immune for actions taken as an advocate, the prosecutor has only qualified immunity when performing a function that is not associated with his role as an advocate for the state." Jones, 174 F.3d at 1281-82; accord Rowe, 279 F.3d at 1279-80 (prosecutor who proferred perjured testimony and fabricated exhibits at trial is

5

entitled to absolute immunity, but a prosecutor who participated in the search of a suspect's apartment is entitled to only qualified immunity).

In this case, Johnson seeks to hold Defendants Murphee and Tyson liable for their actions in connection with prosecuting him for murder. While Johnson contends that Murphee fabricated the indictment against him, and that Defendants Murphee and Tyson defamed his name, and maliciously prosecuted him, Johnson's claims are not cognizable because they arose in connection with the Defendants' roles as advocates for the state. Thus, Johnson's claims are frivolous as a matter of law.

Johnson's claims are also barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id., 512 U.S. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827,

36 L. Ed. 2d 439 (1973). In short, a claim for monetary damages or injunctive relief that challenges Johnson's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."); see also Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010) (per curiam) (allegation that defendants conspired to falsify evidence, deny plaintiff effective assistance of counsel, testify falsely at trial, and "improperly prosecute[]" plaintiff were barred by Heck); Salas v. Pierce, 297 F. App'x 874, 876 (11th Cir. 2008) (per curiam) (district court properly found that "claim against the Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty" was barred by Heck because plaintiff failed to allege his sentence or conviction had been reversed).

In this action, Johnson has not asserted nor presented any evidence suggesting that his "conviction or sentence [has been]

7

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Johnson's complaint should be dismissed with prejudice because he cannot prevail on a § 1983 claim of malicious prosecution and defamation of character.

Additionally, Johnson requested and was granted permission to proceed *in forma pauperis*. (Docs. 2, 12). Per order of the Court, Johnson was required to pay an initial partial filing fee of $60.08, and he is obligated to pay the remainder of the $350 filing fee, or $289.92. See 28 U.S.C. § 1915(b)(1). Accordingly, Johnson's custodian (or designee) shall set aside 20 percent of all future deposits to Johnson's account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the $350.00 filing fee has been paid in full. In the event Johnson is transferred to another institution, his present custodian shall forward a copy of this directive, and all financial information concerning payment of the filing fee and costs in this case, to Johnson's new custodian, who shall continue to collect funds from his account until the full filing fee has been paid.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this

8

recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **June, 2014.**

                                       /s/ SONJA F. BIVINS  
                              **UNITED STATES MAGISTRATE JUDGE**